**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARLTON SILAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **JUDGE** |
| | ) | |
| **CHICAGO POLICE OFFICERS GRAYLIN** | ) | **MAGISTRATE** |
| **WATSON, STAR #8250; ANDREW** | ) | |
| **NEBERIEZA, STAR #11129; AISHA KNIGHT,** | ) | |
| **STAR #7709; DARRYL EDWARDS, STAR** | ) | |
| **#19970; OMAR GOMEZ FARRINGTO, STAR** | ) | |
| **#5425; NICHOLAUS LESCH, STAR #13061;** | ) | |
| **MATTHEW BOUCH, STAR #10723; GLENN** | ) | |
| **EVANS, STAR #443; and THE CITY OF** | ) | |
| **CHICAGO, a Municipal Corporation,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COMES, the Plaintiff, CARLTON SILAS, by and through his attorney, LAW

OFFICE OF JEFFREY J. NESLUND and MICHAEL D. ROBBINS & ASSOCIATES, and in

complaining of the Defendants, CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR

#8250; ANDREW NEBERIEZA, STAR #11129; AISHA KNIGHT, STAR #7709; DARRYL

EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS

LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN EVANS, STAR #443;

and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1.      This is an action for civil damages brought under Illinois State law and 42 U.S.C.

Sec. 1983 for the deprivation of Plaintiff's constitutional rights. This Court has jurisdiction

pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.  Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.  Plaintiff, CARLTON SILAS, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4.  Defendants, CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR #8250; ANDREW NEBERIEZA, STAR #11129; AISHA KNIGHT, STAR #7709; DARRYL EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN EVANS, STAR #443, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5.  The Defendant, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6.  On August 25, 2014, DEFENDANT OFFICERS EDWARDS, WATSON, NEBERIEZA, KNIGHT, GOMEZ FARRINGTO, LESCH and BOUCH were placing the Plaintiff under arrest for an alleged misdemeanor offense in the vicinity of 3435 W. Madison Street in Chicago, Illinois.

7.  During the course of the arrest, DEFENDANT EVANS arrived on the scene and encouraged the DEFENDANT OFFICERS to tazer the Plaintiff despite the fact the Plaintiff was secured and in custody of the multiple DEFENDANT OFFICERS already on the scene.

2

8.      The Plaintiff was subsequently tazered multiple times by DEFENDANT EDWARDS, despite the fact there were multiple DEFENDANT OFFICERS on the scene who had the Plaintiff secured and in custody.

9.      After the Plaintiff had been tazered multiple times by DEFENDANT EDWARDS, DEFENDANT EVANS took the tazer and applied additional stuns directly to the Plaintiff's chest.

10.     After the Plaintiff was handcuffed and tazered multiple times by DEFENDANT EDWARDS and DEFENDANT EVANS, the Plaintiff was tazered additional times in the upper back area.

11.     The discharge report for the tazer device assigned to DEFENDANT OFFICER EDWARDS states that the tazer was deployed nine (9) separate times during the time frame of the Plaintiff's detention and arrest on August 25, 2014.

12.     In an effort to cover up the excessive force and misconduct of the DEFENDANT OFFICERS, including DEFENDANT EVANS,

   (a)     the DEFENDANT OFFICERS did not contact emergency medical personnel, despite the fact the tazer probes penetrated the Plaintiff's skin and multiple electrical currents from the tazer were applied to the Plaintiff's body;

   (b)     the DEFENDANT OFFICERS did not request an evidence technician to photograph the location where the probes penetrated the Plaintiff; and

   (c)     the Plaintiff was charged with false criminal acts and the DEFENDANT OFFICERS authored false police reports and false criminal complaints charging the Plaintiff with battery to DEFENDANT OFFICER WATSON.

13.     On May 8, 2015 the Plaintiff was found not guilty of battery to DEFENDANT OFFICER WATSON.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force**
(Defendant Chicago Police Officers Watson; Neberieza; Knight; Edwards; Gomez Farringto; Lesch; Bouch; and Evans)

14.     Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

15.     The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

16.     As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the Plaintiff suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

**COUNT II**
**Failure to Intervene**
(Defendant Chicago Police Officers Watson; Neberieza; Knight; Edwards; Gomez Farringto; Lesch; Bouch; and Evans)

17.     Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

18.     DEFENDANT OFFICERS failed to intervene and prevent injury to Plaintiff.

19.     DEFENDANT OFFICERS had a realistic opportunity to prevent or limit the harm to Plaintiff and failed to take reasonable steps to prevent the harm from occurring to the Plaintiff.

20.     DEFENDANT OFFICERS' failure to take reasonable steps to prevent harm from occurring to the Plaintiff caused harm to the Plaintiff, including, but not limited to, physical pain and suffering and mental stress and anguish.

21.     The conduct described in this Count was undertaken by DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the CITY OF CHICAGO, is liable for their actions.

4

## COUNT III
## Conspiracy Claims
(All Defendants)

22.     Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

23.     DEFENDANTS reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to cover up the excessive force and abuse of Plaintiff in violation of his constitutional rights and to complete false and misleading reports and make false statements to superior officers in order to conceal their wrongdoing.

24.     The DEFENDANT OFFICERS agreed and acted in concert with each other to intentionally deprive Plaintiff of his Constitutional rights under color of law and cover up the excessive force and abuse of the Plaintiff.

25.     In furtherance of this conspiracy, certain DEFENDANT OFFICERS also took overt acts in fabricating false police reports and criminal complaints, all in violation of both state and federal law.

26.     In furtherance of this conspiracy, the DEFENDANT OFFICERS took overt acts by interfering with video recording of their ongoing misconduct by citizens on the scene.

27.     The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

28.     As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to physical and emotional injuries.

29.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment as well as Illinois state law.

## COUNT IV
### (Monell)

30.     Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

31.     The Chicago Police Department (the "Department") is a subsidiary division of Defendant, the CITY OF CHICAGO.  The City maintains and exercises exclusive control over the Department, its *de* facto policy, practice and/or custom, as well as the conduct of all of its employees, including Defendants, CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR #8250; ANDREW NEBERIEZA, STAR #11129; AISHA KNIGHT, STAR #7709; DARRYL EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN EVANS, STAR #443 and their supervisors.

32.     The DEFENDANT CITY, through its subsidiary the Chicago Police Department, has established certain *de facto* policies, practices, and/or customs which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by the CITY OF CHICAGO.

33.     At the time of this occurrence and prior thereto, there existed within the Chicago Police Department *de facto* policies, practices and/or customs which result in the failure or refusal of the Chicago Police Department to properly and legitimately investigate the use of excessive force by sworn Chicago Police Officers against civilian citizens of Chicago.

34.     The CITY has a *de facto* policy, practice and/or custom of concealing and/or suppressing evidence of officer misconduct, otherwise known as a "code of silence," which is

pervasive within the Department. This code is manifest as a universal practice among sworn members of the Department, and is an express or implicit understanding and agreement among Chicago Police Officers which results in a refusal or failure by Chicago Police officers to:

> (a)   Intervene to prevent or stop the unnecessary and often gratuitous abuse of citizens through the use of excessive force; and

> (b)   Report or testify against fellow officers regarding instances of misconduct of which they are aware, including the use of unlawful force, despite their obligation to do so as sworn peace officers.

35.   This *de facto* policy applies to Chicago police officers who remain silent or give false or misleading information during official investigations and sworn testimony in criminal cases and in related civil litigation involving allegations of misconduct against a fellow officer, in order to protect themselves or their fellow officers from discipline, criminal prosecution, or to shield them from civil liability.

36.   In December of 2015, the Mayor of the City of Chicago, Rahm Emanuel, publicly acknowledged the existence of a code of silence within the Chicago Police Department defining it as "the tendency to ignore, deny or in some cases cover up the bad actions of a colleague or colleagues."

37.   Individually and collectively, the above described *de facto* policies, practices and/or customs of the CITY proximately result in the pervasive culture and widespread attitude among members of the Chicago Police Department, including the DEFENDANTS, that they may engage in misconduct against the citizenry with impunity, and without fear of official consequence.

**Defendant Glenn Evans**

38.   On information and belief, DEFENDANT EVANS has been the subject of at least 50 citizen complaints since 2001.

39.     Rather than discipline DEFENDANT EVANS for an obvious pattern of police misconduct and abuse throughout his career, the CITY has repeatedly rewarded DEFENDANT EVANS and promoted him through the ranks of the police department.

40.     The failure and refusal by the CITY, through the Department, to properly and legitimately investigate the use of excessive force by sworn Chicago Police Officers, including DEFENDANT EVANS, signals a tolerance by the CITY of the improper use of excessive force by Chicago Police Officers, and encourages a code of silence and deliberate indifference by the CITY to such conduct.

41.     By its past polices of non-feasance and deliberate indifference to citizen complaints and patterns of abuse by its officers, the CITY, through the Chicago Police Department, let it be known to its supervisors and officers, such as CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR #8250;   ANDREW NEBERIEZA, STAR #11129; AISHA KNIGHT, STAR #7709; DARRYL EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN EVANS, STAR #443, that the CITY condoned, ratified and encouraged the unwarranted and illegal use of excessive force by Officers.

42.     The acts and omissions of the defendant THE CITY OF CHICAGO, through the *de facto* policies, practices and/or customs implemented by the Chicago Police Department, were a deliberate and malicious deprivation of Plaintiff CARLTON SILAS' Constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

43.     The aforementioned *de facto* policies, practices and/or customs of the CITY, individually and collectively, have been maintained and/or implemented with utter indifference

by the CITY which has encouraged and/or motivated the DEFENDANTS to commit the aforesaid wrongful facts against CARLTON SILAS and, therefore, *de facto* policies, practices and/or customs of the CITY are a direct and proximate cause of the injuries sustained by CARLTON SILAS.

<u>**COUNT V**</u>
<u>**State Law Claim: Indemnification**</u>
(Defendant City of Chicago)

44.     Plaintiffs re-allege and incorporate paragraphs 1-13 as fully stated herein.

45.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

46.     DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

**REQUEST FOR RELIEF**

47.     Plaintiff, CARLTON SILAS, respectfully requests that the Court:

(a)     Enter judgment in his favor and against Defendants, CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR #8250; ANDREW NEBERIEZA, STAR #11129; AISHA KNIGHT, STAR #7709; DARRYL EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN EVANS, STAR #443 and THE CITY OF CHICAGO, a Municipal Corporation;

(b)     Award compensatory damages against Defendants, CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR #8250; ANDREW NEBERIEZA, STAR #11129; AISHA KNIGHT, STAR #7709; DARRYL EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN EVANS, STAR #443 and THE CITY OF CHICAGO, a Municipal Corporation;

(c)     Award attorneys' fees against Defendants, CHICAGO POLICE OFFICERS GRAYLIN WATSON, STAR #8250; ANDREW

9

NEBERIEZA, STAR #11129;   AISHA KNIGHT, STAR #7709;
DARRYL EDWARDS, STAR #19970; OMAR GOMEZ FARRINGTO,
STAR #5425; NICHOLAUS LESCH, STAR #13061; MATTHEW
BOUCH, STAR #10723; GLENN EVANS, STAR #443 and THE CITY
OF CHICAGO, a Municipal Corporation;

(d)     Award punitive damages against CHICAGO POLICE OFFICERS
GRAYLIN WATSON, STAR #8250; ANDREW NEBERIEZA, STAR
#11129; AISHA KNIGHT, STAR #7709; DARRYL EDWARDS, STAR
#19970; OMAR GOMEZ FARRINGTO, STAR #5425; NICHOLAUS
LESCH, STAR #13061; MATTHEW BOUCH, STAR #10723; GLENN
EVANS, STAR #443 and THE CITY OF CHICAGO, a Municipal
Corporation; and

(e)     Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, CARLTON SILAS, demands a trial by jury under the Federal Rule of Civil

Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND, Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Michael D. Robbins
Michael D. Robbins & Associates
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 899-8000

10